IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:                          )
THREE RIVERS BOTTLING, LLC,     )
        Debtor                  )
_____ )
                                )
THREE RIVERS BOTTLING, LLC,     )   Civil Action No. 05-1156
        Plaintiff,              )   (Bankruptcy No. 04-32204-BM)
                                )   (Adversary No. 05-2667-BM)
        v.                      )
                                )
SCHREIBER INDUSTRIAL            )
DEVELOPMENT CO.,                )
        Defendant,              )
                                )

MEMORANDUM

Gary L. Lancaster,
District Judge.                          October 25, 2005

        This is a landlord-tenant dispute.  Plaintiff, Three

Rivers Bottling, LLC, is the debtor in the above-referenced

bankruptcy case.  It filed this case as an adversary proceeding

in the bankruptcy court.  In the adversary complaint, plaintiff

alleges that defendant, Schreiber Industrial Development, Inc.,

overcharged it for water, sewage, and gas services at an

industrial facility that plaintiff rented from defendant.

Plaintiff seeks $177,541.00, the amount it claims defendant

overcharged for the utilities.

        Defendant has filed a motion to withdraw the reference of

this adversary proceeding.  Defendant claims that withdrawal of

the reference is appropriate because it demanded a jury trial in

its answer, because the adversary proceeding is non-core, because state law predominates, and because the bankruptcy case is essentially over. Plaintiff alleges that the adversary proceeding is a core proceeding, and on that basis alone, should not be withdrawn from the bankruptcy court.

Even though we find that the adversary proceeding is a non-core proceeding, because we find that there is a close relationship between it and issues before the bankruptcy court, and that defendant has failed to satisfy its burden to demonstrate good cause for withdrawal of the reference, the motion will be denied. This ruling is without prejudice to defendant's ability to resubmit a motion to withdraw when, and if, the adversary proceeding is ready for trial.

I.    BACKGROUND

Plaintiff, Three Rivers Bottling, LLC, is the debtor in a Chapter 11 bankruptcy proceeding. Plaintiff initiated this action as an adversary proceeding in that bankruptcy case. Plaintiff alleged in its complaint that defendant, its former landlord, overcharged it for water, sewage, and gas services at a rented industrial building. Defendant filed an answer and a motion to dismiss.

2

In its answer, defendant denied the allegations of the complaint. Defendant also sought to recover monies, via a set-off, for unpaid rent and utilities. 11 U.S.C. §553. Defendant alleged that although plaintiff's lease expired in July of 2004, prior to the September 14, 2004 filing date of plaintiff's Chapter 11 bankruptcy petition, plaintiff remained a holdover tenant until November of 2004, but failed to pay rent and utilities. Defendant attached to its answer and motion to dismiss a copy of the proof of claim that it filed in plaintiff's bankruptcy case in which it sought to recover these same unpaid holdover charges. Apparently, defendant also filed various motions with the bankruptcy court in October of 2004 seeking to recover these same charges. In its motion to dismiss, defendant contends that plaintiff's claim is barred because plaintiff failed to make reference to it in its plan, disclosure statement, or schedules.

After defendant filed its answer and motion to dismiss, the bankruptcy judge held a hearing regarding the matter. Because defendant had demanded a jury trial and refused to consent to the bankruptcy court conducting that trial, the bankruptcy court found that it could not administer the adversary proceeding. The bankruptcy judge directed defendant to file a motion to withdraw

reference in the district court.   Defendant promptly filed the instant motion.

II.    STANDARD OF REVIEW

The district court has original, but not exclusive, jurisdiction over all bankruptcy proceedings.   28 U.S.C. §1334(b).  The bankruptcy court exercises such jurisdiction under a standing order of reference, as provided by 28 U.S.C. §157(a). Once a Title 11 proceeding has been referred to the bankruptcy court, the district court's authority to withdraw the reference is governed by 28 U.S.C. §157, which provides for both mandatory and permissive withdrawal.   Under section 157(d):

> The district court may withdraw, in whole or
> in part, any case or proceeding referred
> under this section, on its own motion or on
> timely motion of any party, for cause shown.
> The district court shall, on timely motion
> of a party, so withdraw a proceeding if the
> court determines that resolution of the
> proceeding requires consideration of both
> Title 11 and other laws of the United States
> regulating  organizations  or  activities
> affecting interstate commerce.

Withdrawal from the bankruptcy court is mandatory where the district court determines that resolution of the proceeding requires consideration of both Title 11 and other federal laws. The instant case does not raise issues related to mandatory withdrawal.

4

Withdrawal from the bankruptcy court is permissive under the statute "for cause shown." As the movant in this case, defendant bears the burden to show cause. In re NDEP Corp., 203 B.R. 905, 907 (D. Del. 1996). Although the phrase "for cause shown" is not defined in the statute, the Court of Appeals for the Third Circuit has set forth five factors that a district court should consider in determining whether "cause" exists for discretionary withdrawal. These factors include: (1) promoting uniformity of bankruptcy administration; (2) reducing forum shopping and confusion; (3) fostering economical use of debtor/creditor resources; (4) expediting the bankruptcy process; and (5) timing of the request for withdrawal. In re Pruitt, 910 F.2d 1160, 1168 (3d Cir. 1990).

Another factor that the district court should consider is whether the parties have requested a jury trial. Bankruptcy courts cannot conduct jury trials unless the parties consent. 28 U.S.C. §157(e). However, assertion of a Seventh Amendment right to a jury trial, coupled with a refusal to consent to such trial before the bankruptcy court, is not of itself sufficient cause to justify immediate discretionary withdrawal. In re Northwestern Institute of Psychiatry, Inc., 268 B.R. 79, 84 (Bankr. E.D. Pa. 2001).

Finally, it is important in assessing the propriety of withdrawing the reference to determine whether the action sought to be withdrawn is a core or non-core proceeding. See 28 U.S.C. §157(b)(1). While the bankruptcy courts have jurisdiction to hear both core and non-core matters, the scope of the bankruptcy court's authority is different. When adjudicating core matters, the bankruptcy court may issue final orders and judgments. 28 U.S.C. §157(b)(1). In non-core matters, the bankruptcy court has more limited powers. It may not issue final orders and judgments; rather, it must submit proposed findings of fact and conclusions of law to the district court for de novo review. 28 U.S.C. §157(c)(1).

The Court of Appeals for the Third Circuit considers a proceeding to be core "if it invokes a substantive right provided by Title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." CoreStates Bank, N.A. v. Huls Amer., Inc., 176 F.3d 187, 196 (3d Cir. 1999); In re Guild and Gallery Plus, Inc., 72 F.3d 1171, 1178 (3d Cir. 1996) (quoting In re Marcus Hook Dev. Park, Inc., 943 F.2d 261, 267 (3d Cir. 1991)). A core proceeding "must have as its foundation the creation, recognition, or adjudication of rights which would not exist independent of a bankruptcy environment although of necessity there may be peripheral state law involvement." Hatzel

6

& Buehler, Inc. v. Orange & Rockland Utils., Inc., 107 B.R. 34, 39
(D. Del. 1989).


III.   DISCUSSION

Defendant seeks discretionary withdrawal of the reference
primarily because it has demanded a jury trial.   However,
defendant also makes reference to several other factors which it
contends justify withdrawal in this case: first, that the
proceeding is non-core; second, that state law predominates; and
third, that the bankruptcy case is essentially over.  We find that
none of these reasons satisfy defendant's burden to show good
cause for withdrawing the reference at this early point in the
adversary proceeding.


A.   Core v. Non-Core[1]

Determining whether a proceeding is core or non-core is
important in ruling on a motion to withdraw reference because
bankruptcy courts have broad authority to adjudicate core
proceedings, but limited authority to preside over non-core

---

[1]     While we note that 28 U.S.C. §157(b)(3) directs a
        bankruptcy court to make the determination as to
        whether a case is core or non-core, as a practical
        matter, this court must assess this factor in
        ruling on defendant's motion to withdraw
        reference.

matters.   28 U.S.C. §§157(b)(1), 157(c)(1).   We apply the general principles established by the Court of Appeals for the Third Circuit for determining whether a proceeding is core or non-core. A proceeding is core "...if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." CoreStates Bank, 176 F.3d at 196; In re Guild and Gallery Plus, Inc., 72 F.3d at 1178. As one district court in this circuit has interpreted that standard, if the rights being adjudicated "would not exist independent of a bankruptcy environment" the matter is core.   Hatzel & Buehler, 107 B.R. at 39.

Plaintiff alleges that its landlord overcharged it for utilities.   Plaintiff seeks recovery of the overcharges.   This dispute is not unique to the bankruptcy environment; it is a landlord-tenant dispute. However, defendant's answer includes an affirmative defense under the Bankruptcy Code for set-off of unpaid rent and utilities incurred while plaintiff was a holdover tenant.   These unpaid holdover charges also form the basis of a proof of claim and several motions filed by defendant in plaintiff's bankruptcy case.   In addition, defendant alleges that plaintiff's claims are barred because they were not included in the plan, disclosure statement, or schedules filed with the bankruptcy court.   Therefore, although this landlord-tenant dispute is not a proceeding that could only arise in the context

8

of a bankruptcy case, it shares a strong relationship with plaintiff's bankruptcy case.

Because of this relationship, even though we conclude that this matter is non-core, we find it appropriate to leave the adversary proceeding in the bankruptcy court.  That court will be familiar with the parties, defendant's proof of claim (and the effect, if any, of plaintiff's apparent failure to object to it), the set-off rules under the Bankruptcy Code, and the content and effect of plaintiff's bankruptcy filings.  This familiarity makes the bankruptcy court particularly well-equipped to issue proposed findings of fact and conclusions of law on dispositive matters in this particular non-core matter.  28 U.S.C. §157(c)(1).  Following these procedures and when the case is trial ready, or at any time prior if circumstances change making withdrawal of the reference appropriate, a motion to withdraw the reference can then be filed.

### B.   Jury Trial

Defendant contends that the reference should be withdrawn because it has demanded a jury trial.  However, contrary to defendant's contention, the possibility that a jury trial might be held at some point in the future does not warrant immediate withdrawal of the reference.  Instead, a court may deny a motion to withdraw based on a jury demand until the case is "trial

9

ready". In re Conseco Finance Corp, 2005 WL 1125676 (N.D. Ill. May 9, 2005); Growe v. Bilodard, Inc., 2005 WL 1177718, *1-2 (D. Me. May 19, 2005); In re Northwestern Institute of Psychiatry, Inc., 268 B.R. at 84; Commercial Fin. Serv., Inc. v. Brady (In re Commercial Fin. Serv.), 239 B.R. 586, 596 (Bankr. N.D. Okla. 1999) (citing cases); Barlow & Peek, Inc. v. Manke Truck Lines, Inc., 163 B.R. 177, 179 (D. Nev. 1993); O'Connell v. Terranova (In re Adelphi Institute), 112 B.R. 534, 538 (S.D.N.Y. 1990).

The reasoning behind this notion is apparent. Other than the need to file certain additional documents, such as proposed voir dire and jury instructions, there is very little difference between a bench trial and a jury trial until trial. Especially given the close relationship between this case and the bankruptcy case, we find it appropriate to allow the bankruptcy court to proceed until the case is trial ready. Therefore, defendant's demand for a jury trial does not provide good cause for withdrawing the reference.

## C. State Law Predominates

Defendant alleges that withdrawal of the reference is appropriate because this dispute will be decided according to state law. While that statement may be true, that does not justify withdrawal of the reference. There is no question that

10

bankruptcy courts often address matters of state law, and that the presence of state law issues does not warrant removal of the matter from the bankruptcy court's jurisdiction.    28 U.S.C. §§157(b)(3),  1334(c).     Therefore, the fact that state law predominates does not alone provide good cause for withdrawal of the reference.

### D.  Bankruptcy Case Essentially Over

Defendant argues that the reference should be withdrawn because the bankruptcy case is essentially over.  While it is true that the bankruptcy court confirmed a plan of reorganization on March 24, 2005, the bankruptcy proceedings are not over. Plaintiff has not filed certain reports, or a final decree closing the case, as required by the bankruptcy court's post-confirmation order.  As a result, the bankruptcy court recently scheduled a rule to show cause hearing regarding these delinquencies for November 15, 2005. Although we cannot predict the results of that hearing, or know whether plaintiff will file the required documents prior to the deadline set forth in that order, we point out that in filing a motion to enlarge time of post-confirmation deadlines, plaintiff stated that recoveries from this adversary proceeding, and one other, "...would enable the Debtor to consummate its Plan..."  Based on this statement, it would appear

that at least one of the reasons that plaintiff has failed to
consummate its plan and close its bankruptcy case is because it
needs the money from this adversary proceeding to move forward.
Under the circumstances, defendant's argument that the bankruptcy
case is essentially over, does not justify withdrawal of the
reference at this time.

### E.   The Five Factors

Defendant has not indicated how any of the five "for cause
shown" factors weigh in favor of withdraw. Those factors are: (1)
promoting uniformity of bankruptcy administration; (2) reducing
forum shopping and confusion; (3) fostering economical use of
debtor/creditor resources; (4) expediting the bankruptcy process;
and (5) timing of the request for withdrawal. In re Pruitt, 910
F.2d at 1168. Upon an independent assessment of these factors, we
find that, on balance, they weigh in favor of refusing to withdraw
the reference at this time.

Given that one of defendant's affirmative defenses is based
on the same unpaid charges sought in its proof of claim, and that
its motion to dismiss is based on the content of plaintiff's plan,
disclosure statement, and schedules, uniformity of administration,
economical use of resources, and expediting the bankruptcy process
all weigh in favor of leaving the adversary proceeding in the

12

bankruptcy court. Although defendant made its request to withdraw the reference in a timely fashion and there is no evidence of forum shopping, these two factors do not outweigh the other circumstances discussed above that warrant keeping the case with the bankruptcy court for now. On balance, the five factors weigh in favor of denying defendant's motion to withdraw the reference.

IV.   CONCLUSION

Defendant's motion to withdraw the reference is denied, without prejudice to its right to raise the issue at a later time. The appropriate order follows.

13

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE: )
THREE RIVERS BOTTLING, LLC, )
    Debtor )
                               )
_____ )
                               )
THREE RIVERS BOTTLING, LLC, )   Civil Action No. 05-1156
    Plaintiff, )   (Bankruptcy No. 04-32204-BM)
                               )   (Adversary No. 05-2667-BM)
    v. )
                                 )
SCHREIBER INDUSTRIAL )
DEVELOPMENT CO., )
    Defendant, )
                                 )

ORDER

Therefore, this 25 day of October, 2005, IT IS HEREBY

ORDERED that Defendant's Motion to Withdraw the Reference is

DENIED.

BY THE COURT:

_____, J.

cc:   All Counsel of Record

14